[Cite as *State v. Frye*, 2023-Ohio-2967.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220537 |
| | | TRIAL NO. 22CRB-16860 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| ZEE FRYE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: August 25, 2023

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Danielle Ferris*, Assistant Prosecuting Attorney, for Plaintiff-Appellee City of Cincinnati,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson,* Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

**{¶1}** Zee Frye appeals his conviction, following a bench trial, for failure to disclose personal information. Frye argues that the evidence was insufficient to support his conviction, and the conviction was contrary to the manifest weight of the evidence. Frye also argues that his fine for remaining in a public park after hours, in the case numbered 22CRB-16016B, was contrary to law. For the reasons that follow, we reverse the judgment of the trial court.

## Background

**{¶2}** Zee Frye was charged with failing to disclose personal information when requested by a law enforcement officer. According to the complaint, Frye refused to disclose his name, address, or date of birth. Frye proceeded to a bench trial, where the sole witness presented was Cincinnati Police Officer Brent Eve.

**{¶3}** Eve testified that he and Officer Darin Gornette approached Frye at Smale Riverfront Park at 11:10 p.m. because remaining in the park after it closed at 11:00 p.m. was a criminal offense. Eve testified that Frye did not provide his address, social security number, or date of birth. That evening, Eve was wearing a body-worn camera, and the video was played and admitted into evidence.

**{¶4}** After watching the recording and hearing Eve's testimony, the trial court found Frye guilty. Frye appeals arguing there was insufficient evidence that he failed to disclose his name, address or date of birth because the officer never asked him to provide that information.

## Law and Analysis

**{¶5}** In reviewing a challenge to the sufficiency of the evidence, a reviewing court must determine whether, after viewing the evidence in the light most favorable

2

to the prosecution, any rational trier of fact could have found the essential elements of the crime had been proved beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶6} Frye was convicted of failing to provide personal information, a violation of R.C. 2921.29(A)(1), which provides:

(A) No person who is in a public place shall refuse to disclose the person's name, address, or date of birth, when requested by a law enforcement officer who reasonably suspects either of the following:

(1) The person is committing, has committed, or is about to commit a criminal offense.

{¶7} Frye admits that Eve reasonably suspected him of committing the crime of remaining in a park after hours. Frye contends that Eve never requested that he disclose his name, address, or date of birth. The video depicts the following exchange:

Eve: Alright sir, do you have your ID on you?

Frye: I don't need a corporate instrument.

Eve: Take your hand out of your pocket. Take your hand out of your pocket.

Frye: I don't need a corporate instrument.

Eve: Sir, take your hand out of your pocket.

Frye: You don't tell me what to do.

Eve: Sir, take your hand out of your pocket.

Frye: I'm a Moorish National.

Eve: Sir, take your hand out of your pocket.

{¶8} A review of the video confirms that Frye was not asked to disclose his name, address, or date of birth. Instead, Eve asked him whether he had his "ID" on

3

him. Basically, Eve inquired whether he had an identification card or driver's license on his person. Eve did not ask him to disclose his name, address, or date of birth. Thus the evidence is insufficient to establish that Eve requested Frye to disclose his name, address, or date of birth.

{¶9} The city argues that Eve requested Frye's identification which was "tantamount to requesting the personal information contained [on the identification]." We first note that the city provided no authority for this proposition, and we could find none. Additionally, Eve did not ask him to provide his identification card, he merely asked Frye if he had his identification card with him. Moreover, the plain language of R.C. 2921.29(A)(1) does not authorize a law enforcement officer to request an identification card or driver's license. *See McKee v. McCann*, 2017-Ohio-7181, 95 N.E.3d 1079, ¶ 19 (8th Dist.) (Noting that "[a]lthough the production of a physical identification card is a common way to comply with R.C. 2921.29(A), we agree with McKee, in this reconsidered opinion, that the statute, as worded, does not require a person to produce an identification card. A person complies with R.C. 2921.29(A) by verbally disclosing the person's name, address, or date of birth.").

{¶10} Accordingly, we sustain the first assignment of error.

{¶11} In his second assignment of error, Frye argues that the conviction was contrary to the manifest weight of the evidence. Our resolution of the first assignment of error renders appellant's second assignment of error moot.

{¶12} In his third assignment of error, Frye challenges his fine for remaining in a public park after hours, in the case numbered 22CRB-16016B. However, Frye failed to file a notice of appeal in the case numbered 22CRB-16016B, and therefore, this court has no jurisdiction to address this assignment of error. *See State v.*

4

*Struckman*, 1st Dist. Hamilton Nos. C-200069 and C-200210, 2021-Ohio-1043, ¶ 5-6.

## Conclusion

{¶13}   Having sustained the first assignment of error, we reverse the judgment of the trial court and discharge Frye from further prosecution.

Judgment reversed and appellant discharged.

**WINKLER** and **BOCK, JJ.,** concur.

Please note:
  The court has recorded its own entry this date.